Li v. Lynch

BIA
Van Wyke, IJ
A089 225 043

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of November, two thousand sixteen.

PRESENT:
      RICHARD C. WESLEY,
      DENNY CHIN,
      RAYMOND J. LOHIER, JR.,
        *Circuit Judges.*

_____

TIAN DI LI,
      *Petitioner,*

      v.                      15-1840
                                    NAC

LORETTA E. LYNCH, UNITED STATES ATTORNEY GENERAL,
      *Respondent.*

_____

FOR PETITIONER:      Aminat Sabak (Yevgeny Samokhleb, *on the brief*), Law Offices of Yu & Associates, PLLC, New York, N.Y.

FOR RESPONDENT:      Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Margaret Kuehne Taylor, Senior Litigation Counsel; Kate D. Balaban, Trial Attorney, Office of Immigration

Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Tian Di Li, a native and citizen of China, seeks review of a May 19, 2015, decision of the BIA, affirming an April 25, 2013, decision of an Immigration Judge ("IJ") denying Li's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Tian Di Li,* No. A089 225 043 (B.I.A. May 19, 2015), *aff'g* No. A089 225 043 (Immig. Ct. N.Y. City Apr. 25, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's decisions. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

Asylum applications like Li's are governed by the REAL ID Act, which provides that an agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on an applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his

2

statements and other record evidence "without regard to whether" those inconsistencies go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163–64. "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. Further, "[a] petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) (internal quotation marks omitted). Substantial evidence supports the agency's determination that Li was not credible.

The agency reasonably based its credibility determination in small part on inconsistencies between Li's testimony and tax returns that report where he has lived since arriving in the United States. *See Xiu Xia Lin*, 534 F.3d at 167 ("[A]n IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible."); *Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir. 2006) ("[E]ven where an IJ relies on discrepancies or lacunae that,

if taken separately, concern matters 'collateral or ancillary to the claim,' the cumulative effect may nevertheless be deemed consequential by the fact-finder." (citation omitted)).  Li testified that he lived in New York since arriving in the United States and that he attended church in New York once a week, and he submitted letters from his New York church stating that Li attends Sunday masses when his work permits.  However, one of Li's tax forms provides an Illinois residence.  The agency reasonably rejected Li's explanation that he sometimes helped his sister in Chicago with her work because it did not explain why he listed an Illinois residence on his tax return.  *See Majidi,* 430 F.3d at 80.  The agency also reasonably found this inconsistency material because it called into question Li's claim of weekly church attendance in New York.  *See Xiu Xia Lin*, 534 F.3d at 167; *Tu Lin*, 446 F.3d at 402.

The agency reasonably relied further on Li's failure to corroborate his practice of Christianity.  "An applicant's failure to corroborate his . . . testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question" or is suspicious.  *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).  Here, the agency

4

reasonably found Li's credibility undermined by his inability to provide a witness (either in person or by phone) to corroborate his practice of Christianity. The agency did not err in rejecting Li's explanations for why he could not provide such a witness—they were busy and had to work—because they were not sufficiently compelling. *See Majidi*, 430 F.3d at 80; *cf.* 8 U.S.C. § 1254(b)(4) ("No court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence . . . [unless] a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable.").

Additionally, the agency reasonably relied on inconsistency between Li's claim of past persecution and the country conditions evidence. *See Xiu Xia Lin*, 534 F.3d at 166-67. Li testified that he was detained for 17 days with 10 fellow parishioners, interrogated, and beaten after police raided his small, house church gathering in Fujian Province. However, the agency reasonably concluded that the few instances of similar mistreatment in Fujian Province documented in the country conditions evidence related to house church leaders. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (holding that the weight accorded to State

Department reports lies largely within the discretion of the agency).  The agency did not err by placing "excessive reliance" on the State Department 2010 International Religious Freedom Report because it also considered "contrary or countervailing evidence . . . as well as the particular circumstances of the [Li]'s case." *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 403-04 (2d Cir. 2005) (internal quotation marks omitted). The IJ explained that he credited the State Department report because Li's testimony about his past harm was unpersuasive and he failed to produce a witness to corroborate his practice of Christianity in China or the United States.

However, in affirming the credibility determination we decline to rely on the IJ's demeanor finding.  "[D]emeanor is paradigmatically the sort of evidence that a fact-finder is best positioned to evaluate," *Li Zu Guan v. INS*, 453 F.3d 129, 140 (2d Cir. 2006), and we therefore give "particular deference to credibility determinations that are based on the adjudicator's observation of the applicant's demeanor," *Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005).  We have observed, however, that we "can be still more confident in our review of observations about an applicant's demeanor where . . . they are supported by specific examples of inconsistent testimony." *Li*

*Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006). Although the IJ found that Li's testimony often "mimicked" his asylum application, and that Li struggled to recount details of his claim that were not stated explicitly therein, the IJ did not support this observation with examples of specific testimony or citations to the record. The weight placed by the IJ on the demeanor finding is also unclear because he appears to have faulted the Government for failing to elicit further details on cross-examination. Even assuming that this finding was erroneous, however, we can confidently predict that the agency would adhere to its decision because the remainder of the credibility determination is supported by substantial evidence. *See Xiao Ji Chen*, 471 F.3d at 338-39 (holding that remand is futile when the Court can "confidently predict" that the agency would reach the same decision absent any errors).

Given the inconsistency and corroboration findings, the totality of the circumstances supports the adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167. The credibility determination is dispositive of Li's claims for asylum, withholding of removal, and CAT relief because all claims relied on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk